# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02983-CNS-SBP

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF COLORADO,

     Plaintiff,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCMENT,

     Defendant.

---

## ANSWER

---

Defendant United States Immigration and Customs Enforcement responds to the Complaint, ECF No. 1, which alleges violation of the Freedom of Information Act (FOIA). All allegations not specifically admitted are denied. All allegations for which Defendant lacks knowledge or information sufficient to form a belief about the truth of an allegation are therefore denied.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. Defendant admits this action is brought under FOIA to compel the disclosure of records, and that Plaintiff seeks processing of a FOIA request and the release of agency records. Otherwise, the allegations in the first sentence of Paragraph 1 contain Plaintiff's characterization of this lawsuit, to which no response is required. If a response is required, Defendant denies all other allegations in Paragraph 1.

2.      The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, admits that the allegations in the first sentence were reported in The Denver Post.  Defendant otherwise lacks information or knowledge sufficient to form a belief about the truth of the allegations in the first sentence.  Admits that the hyperlink given in footnote 1 links to a news article with the author, title, publication, and date specified in the footnote. Admits that the first hyperlink given in footnote 2 links to a news article with the author, title, publication, and date specified in the footnote.  Denies that the second hyperlink given in footnote 2 links to a news article with the author, title, publication, and date specified in the footnote, but admits that that news article can presently be accessed at the following link: https://coloradonewsline.com/briefs/three-new-ice-detention-centers-reportedly-planned-in-colorado.  Admits that the third hyperlink given in footnote 2 cites a news article with the title, publication and date identified in the footnote, but denies that the author's name is spelled as it appears in footnote 2.  The allegations in the second sentence of Paragraph 2 contain Plaintiff's characterization of the contents of the news articles linked in footnote 2, to which no response is required. If a response is required: denies that the first news article describes plans specifically concerning detention capacity in Colorado; admits that the first news article describes plans to increase detention capacity generally within the country; admits that the second news article states that there could be up to three new immigrant detention centers in Colorado by the end of the year, tripling the state's existing detention capacity; and admits that the third news article states that "new facilities would triple ICE's detention capacity in the state" and that "Colorado would have the sixth-most ICE detention beds

2

in the country, according to the Washington Post's analysis." Denies any remaining allegations in the second sentence of Paragraph 2. As to the allegations in the third sentence of Paragraph 2: admits that the news articles linked in footnote 2 all post-date July 2025; admits that the ACLU of Colorado filed a FOIA lawsuit against ICE in April 2025; admits that in connection with that FOIA lawsuit, ICE disclosed documents to the ACLU of Colorado in July 2025; and lacks knowledge or information sufficient to form a belief about the truth of the allegation that the ACLU of Colorado received those documents only through the FOIA lawsuit. The remaining allegations in the third sentence of Paragraph 2 contain Plaintiff's characterization of the earlier FOIA lawsuit, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in the third sentence of Paragraph 2.  Admits that the hyperlink given in footnote 3 links to a press release with the title, publisher, and date specified in the footnote. Admits that the hyperlink given in footnote 4 links to a press release with the title, publisher, and date specified in the footnote.

3.      As to the first two sentences in Paragraph 3, admits that Plaintiff submitted a FOIA request to ICE dated August 8, 2025, and that the allegations summarize the FOIA request, which is attached to Plaintiff's complaint as Exhibit 1, ECF No. 1-2; otherwise, denies.  As to the allegations in the third sentence of Paragraph 3, admits that when the complaint was filed, Defendant had not provided any documents in response to the FOIA request at issue, but otherwise denies. The allegations in the fourth sentence of Paragraph 3 contain Plaintiff's characterization of this lawsuit, to which no response is required. If a response is required, admits that Plaintiff is seeking disclosure of responsive documents but denies that Plaintiff is entitled to relief in this

lawsuit.

4.      The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, admits the allegations in the first sentence of Paragraph 4. Admits that the hyperlink given in footnote 5 links to a webpage with the title, publisher, and date specified in the footnote. As to the allegations in the second sentence of Paragraph 4, admits that the federal government currently plans to expand its immigration detention capacity; admits that the federal government currently plans to expand ICE detention and enforcement across the country; admits that Congress appropriated additional funding for detention and enforcement, among other things. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence of Paragraph 4. Footnote 6 consists of a cross-reference to footnote 2; Defendant responded to footnote 2 in its response to Paragraph 2 above and incorporates that response by reference. Admits that the hyperlink given in footnote 7 links to a news article the author, title, publisher, and date specified in the footnote. Admits that the news article linked in footnote 7 states that in May 2025, the White House and DHS announced an arrest quota with consequences for not hitting arrest targets. Otherwise, denies the allegations in the third sentence of Paragraph 4.

5.      The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, admits the allegations in the first sentence of Paragraph 5. Admits that the hyperlink given in footnote 8 links to a press release with the title, publisher, and date

specified in the footnote.  As to the allegations in the second clause of the first sentence of Paragraph 5, admits that the hyperlink given in footnote 9 links to a news article the author, title, publisher, and date specified in the footnote.  Admits that the news article linked in footnote 9 states that between January 2025 and June 10, 2025, there was a nearly 300% increase in administrative arrests by federal immigration authorities in Colorado compared with the same period in 2024.  As to the allegations in the second sentence of Paragraph 5, admits that the hyperlink given in footnote 10 links to a news article the author, title, publisher, and date specified in the footnote.  Admits that the news article linked in footnote 10 states that most people arrested by ICE in Colorado and Wyoming in 2025 did not have a criminal history.  As to the allegations in the third sentence of Paragraph 5: footnote 11 contains a cross reference to footnotes 1, 2, 7, and 9. Defendant responded to these footnotes in its responses above, and incorporates those responses by reference. Admits that the hyperlink given in footnote 11 links to a news article the author, title, publisher, and date specified in the footnote. Admits that the news article linked in footnote 11 states that a representative of a company that contracts with ICE stated that the company was evaluating two facilities in Colorado for potential use as ICE detention facilities.  Denies that the article linked in footnote 11 includes the other allegations in this sentence.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 5 as to the degree of public interest in the possibility of expanded immigration detention in Colorado.  Otherwise, denies the allegations in the third sentence of Paragraph 5.

6.      Admits that the hyperlink given in footnote 12 links to a government report

with the title, publisher, and date specified in the footnote.  Admits that the government report linked in footnote 12 states that as of the time of the report, ICE owned five detention facilities and that it used contracts, inter-governmental service agreements, and inter-governmental agreements with private prison companies, for the use of prisons, jails, and other detention facilities to hold the majority of people in its custody. To the extent a further response is required, admits.

7.    Defendant lacks information or knowledge sufficient to form a belief about the allegations in the first sentence of Paragraph 7.  Defendant admits that Plaintiff made a FOIA request to ICE on August 8, 2025, that requested, among other things, "Ramp-up plans for adding detention capacity for immigrants in Colorado or Wyoming." Defendant admits that as of the date the complaint was filed, it had not released any responsive records, but denies that Defendant has not released any responsive records. Defendant denies the remaining allegations of Paragraph 7.

8.    Defendant admits that Plaintiff appealed Defendant's denial of its request for expedited processing.  The remaining allegations in Paragraph 8 are characterizations of this case, which are not factual assertions, to which a response is therefore not required. If a response is required, admits that Plaintiff is asking and seeking the relief specified but denies Plaintiff is entitled to that relief.

**JURISDICTION AND VENUE**

9.    Admits only that the Court has subject-matter jurisdiction over this action under FOIA and personal jurisdiction in this action.

10.    Admits only that venue is proper in this District.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as

to Plaintiff's principal place of business.

## PARTIES

11.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12.    Admits that Defendant is an agency of the United States government for purposes of FOIA, that Defendant has possession, custody, and control of its records, and that Plaintiff seeks records from ICE.  Defendant lacks knowledge or information sufficient to form a belief about whether ICE has possession, custody, and control of all records that "Plaintiff seeks."

## FACTUAL BACKGROUND

13.    The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint.  To the extent a response is required: footnote 13 contains a cross reference to footnotes 3 and 4. Defendant responded to these footnotes in its responses above and incorporates those responses by reference. Admits that the hyperlinks given in footnote 14 link to news articles with the authors, titles, publishers, and dates specified in the footnote.  Admits that the hyperlink given in footnote 15 links to a press release with the title, publisher, and date specified in the footnote.  Defendant admits that Plaintiff was one of the signatories to a FOIA request in March 2025 requesting documents related to a Request for Information about detention facilities in areas covered by Denver Enforcement and Removal Operations.  Defendant admits that ICE had not released responsive records prior to the filing of that lawsuit.  Defendant admits that after that lawsuit was filed, ICE produced responsive documents to the plaintiffs in that lawsuit.  Defendant admits that some of

7

the records produced were redacted, and that it later produced unredacted versions of some of the same records.  Defendant denies the remaining allegations in Paragraph 13.

14.    The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 14 regarding what the ACLU-CO "found."  Defendant admits the allegations in the second, third, and fourth sentences of Paragraph 14.  In response to this paragraph's cross-reference to footnote 2, Defendant incorporates its response to that footnote above.

15.    The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief about the allegations contained in Paragraph 15.

16.    Admits.

17.    Admits.

18.    Admits.

19.    The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint.  To the extent a response is required, Defendant responded to footnote 2 in its responses above, and incorporates that response by reference. Defendant denies that the cited reporting in note 2 refers to "planning road maps" but admits that one article refers to a "planning road map." Defendant admits that the reporting states that ICE plans on "tripling the state's existing

8

detention capacity," referencing other reporting. Defendant admits that as of the date the complaint in this case was filed, it had not released any records responsive to the FOIA request at issue, but denies that Defendant has failed to provide any documents in response to the FOIA request. Defendant denies the remaining allegations in Paragraph 19.

20.    Admits that Plaintiff sought a waiver of search and review fees in its FOIA request and stated that the request was "in the public interest" and "not primarily in the commercial interest of the requester."  Defendant denies that the quotation as it appears in Paragraph 20 also appears in the FOIA request.  If a further response is required, Defendant lacks knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 20.

21.    Admits that Plaintiff requested a waiver and that Plaintiff asserted that it qualified as a member of the news media and that the records were not sought for commercial use.  Defendant lacks knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 21.

22.    Admits that Plaintiff's FOIA request stated that disclosure was in the public interest and referenced "Congress, the media, and advocates," letters, news articles, and a national advocacy letter.  Defendant denies any remaining allegations in Paragraph 22.

23.    Admits that Plaintiff's FOIA request stated that Plaintiff is a 501(c)(3) nonprofit and "has no commercial interest" and mentioned its website and FOIA requests and asserted that Plaintiff is a representative of the news media, citing the referenced statute.  Plaintiff's citations to judicial opinions are not factual allegations and

are legal argument, to which no response is required.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23.

24.     Admits that Plaintiff's FOIA request requested "expedited processing" and stated that there "is a 'compelling need' for these records . . . because the information requested is 'urgen[tly]' needed by an organization primarily engaged in disseminating information 'to inform the public concerning actual or alleged Federal Government activity.'"  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24.

## DEFENDANT'S RESPONSE TO THE REQUEST

25.     Admits that Defendant e-mailed Plaintiff's attorney on August 11, 2025, that the email contained the tracking number "2025-ICFO-53841," and that the email requested "clarification" of the FOIA request.  Admits that Plaintiff's attorney e-mailed Defendant on August 12, 2025, responding to the request for clarification.  Admits that Defendant acknowledged receipt of the FOIA request on August 13, 2025, which denied Plaintiff's request for expedited processing, invoked a "10-day extension" for the request beyond its "goal" to "respond within 20 business days of receipt" of the request, and stated that Defendant would "adjudicate this request only if the agency is allowed to assess fees under the FOIA."  Admits that copies of these emails were attached to the complaint as Exhibit 2.  Defendant denies any remaining allegations in Paragraph 25.

26.     Admits that Plaintiff sent an "Appeal of denial of expedited treatment of FOIA request no. 2025-ICFO-53841" dated August 15, 2025, to Defendant's "Office of the Principal Legal Advisor."  Admits that a copy of this administrative appeal was

10

attached to the complaint as Exhibit 3.

27.     Admits that Defendant acknowledged receipt on August 15, 2025, of the letter appealing the adverse determination of the FOIA request and identified the tracking number "2025-ICAP-00387."  Admits that a copy of this email was attached to the complaint as Exhibit 4.  Defendant denies any remaining allegations in Paragraph 27.

28.     Admits that the ICE FOIA Office sent Plaintiff's attorney an e-mail on September 15, 2025, attaching a letter responding to Plaintiff's appeal of the FOIA office's "denial of your request for expedited processing . . . ."  and concluded that "your request for expedition fails."  Admits that a copy of this email was attached to the complaint as Exhibit 5.  Defendant denies the remaining allegations in Paragraph 28.

29.     Admits that as of the date the complaint was filed, ICE had not released any records responsive to the FOIA request.  Defendant denies that it has not released responsive records and denies that it has not explained its basis for withholding records.

## STATUTORY REQUIREMENTS

30.     The allegations in Paragraph 30 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and instead purport to construe judicial opinions, to which no response is required.  Defendant respectfully refers the Court to the three cited cases for a true and accurate statement of their contents.

31.     The allegations in Paragraph 31 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and instead purport to construe the contents of a statute, to which no response is required.  Defendant

11

respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

32.     The allegations in Paragraph 32 do not set forth a claim for relief or allege facts in support of a claim to which a response is required and instead purport to construe the contents of a statute, to which no response is required.  Defendant respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

33.     The allegations in Paragraph 33 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and instead purport to construe the contents of a statute, to which no response is required.  Defendant respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

34.     The allegations in Paragraph 34 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and instead purport to construe the contents of a statute, to which no response is required.  Defendant respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

35.     The allegations in Paragraph 35 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and instead purport to construe the contents of a statute, to which no response is required.  Defendant respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

36.     Admits that more than 30 business days have passed since Plaintiff

submitted the FOIA request at issue in this action.  The remaining allegations in Paragraph 36 purport to construe the contents of a statute and contain legal conclusions, to which no response is required.  Defendant respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

37.    Denies.

## CLAIMS FOR RELIEF

38.    The allegations in Paragraph 38 consist of legal conclusions, to which no response is required.  To the extend a response is required, Defendant denies the allegations in Paragraph 38.

39.    The allegations in Paragraph 39 consist of legal conclusions, to which no response is required.  To the extend a response is required, Defendant denies the allegations in Paragraph 39.

40.    The allegations in Paragraph 40 consist of legal conclusions, to which no response is required.  To the extend a response is required, Defendant denies the allegations in Paragraph 40.

41.    The allegations in Paragraph 41 consist of legal conclusions, to which no response is required.  To the extend a response is required, Defendant denies the allegations in Paragraph 41.

## REQUESTED RELIEF

The request for relief does not contain factual allegations against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

13

**DEFENSES**

At this time, and subject to additional investigation, Defendant asserts the following defenses:

1.      The Complaint fails to state a claim for which relief can be granted.

2.      Plaintiff is not entitled to the production of any records exempt from disclosure by one or more exemptions enumerated in FOIA, 5 U.S.C. § 522.

3.      Defendant acted in good faith, with justification, and pursuant to law at all times alleged in the Complaint.

4.      Plaintiff is not entitled to relief other than that enumerated in FOIA, 5 U.S.C. § 522.

WHEREFORE, having fully answered the Complaint, Defendant requests that Plaintiff take nothing by this action, that the Complaint be dismissed, and that judgment be entered for Defendant, together with costs and such other relief as the Court deems appropriate in this case.

Dated: January 12, 2026                    PETER MCNEILLY
                                           United States Attorney

                                           s/ Thomas A. Isler
                                           **Thomas A. Isler**
                                           Brad Leneis
                                           Assistant U.S. Attorneys
                                           United States Attorney's Office
                                           1801 California Street, Ste. 1600
                                           Denver, CO 80202
                                           Telephone: (303) 454-0101
                                           Email: thomas.isler@usdoj.gov
                                           Email: brad.leneis2@usdoj.gov
                                           *Counsel for Defendant United States*
                                           *Immigration and Customs Enforcement*

14

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2026, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will serve all counsel of record,

including:

Timothy Macdonald, Esq.
Sara Neel, Esq.
Counsel for Plaintiff

s/ Thomas A. Isler
***Thomas A. Isler***

15